UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 06-190-GFVT

WILLIAM HYLTON, PLAINTIFF,

V. **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1] DEFENDANT.

\* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff, William Hylton, brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for Disability Insurance Benefits (hereinafter "DIB"). This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it is recommended that Plaintiff's motion for summary judgment [Record No. 9] be denied, Defendant Commissioner's motion for summary judgment [Record No. 10] be granted, and Judgment be entered affirming the final decision of the Commissioner.

## II. FACTUAL BACKGROUND

Plaintiff filed his application for DIB on February 27, 2004. [Tr. 15.] The claim was denied initially and on reconsideration. [Id.] At Plaintiff's request, an administrative hearing, presided over

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007, replacing Linda S. McMahon, who served as Acting Commissioner.

by Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ"), was conducted on October 11, 2005. [Id.] Plaintiff, accompanied by counsel, testified at the hearing. [Id.] Also testifying was vocational expert Dwight McMillion (hereinafter "VE"). [Id.] On January 18, 2006,[2] the ALJ found that Plaintiff was not disabled and, as a consequence, not entitled to DIB. [Tr. 22.] The Appeals Council declined to review the ALJ's decision [Tr. 5] and Plaintiff now seeks judicial review.

Plaintiff was 42 at the time of the administrative hearing. [Tr. 16.] He has an eighth grade education and his past work experience was as an equipment operator in coal mines. [Id.] His alleged onset of disability is September 2, 2003. [Id.] Plaintiff listed a back injury, depression and hearing loss as impairments. [Tr. 16-18.] The ALJ summarized Plaintiff's medical history as follows:

> The record reflects that the claimant injured his back [when] he was pulling on a tilt jack and holding it down with one foot and felt a sudden pain in his mid to lower back. He presented to the ER and [was] discharged with a diagnosis of thoracic spine strain (Exhibit 6F). He was referred to physical therapy and discharged on November 3, 2003 (Exhibit 7F). Dr. Akers referred the claimant to Dr. Tibbs for a neurosurgical consultation on January 28, 2004. He reviewed an MRI of the lumbar spine dated September 15, 2003, which showed a minimal bulge at L4-L5 and ordered an MRI of the thoracic spine. Upon review of the MRI scan, Dr. Tibbs said he had some minor degenerative changes and at T6-T7 there was some central bulging, but no clinically significant evidence of myelopathy. He opined that his pain must [be] myofascial and surgery would be of no benefit (Exhibit 8F).

[Tr. 16-17.] Plaintiff was also evaluated by a licensed clinical psychologist and diagnosed with depressed mood and borderline intellectual functioning. [Tr. 17.] The back injury and depression were found to be severe impairments. [Tr. 17.] Plaintiff's hearing loss was also evaluated and he was found to have no impairment as it concerns conversation and the ALJ determined this

---

[2] The ALJ's decision is stamped as having been issued on January 18, 2005, but the undersigned believes this to be an error, given that the hearing preceding this decision was conducted in October of 2005.

impairment was not severe. [Id.]

In determining whether a claimant is disabled, an ALJ undertakes a five-step sequential evaluation process pursuant to 20 C.F.R. §§ 404.1520, 416.920. This process was summarized by the Sixth Circuit Court of Appeals in Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 474 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

336 F.3d at 474 (internal citations omitted).

At the first step of the sequential evaluation process in the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability. [Tr. 16.] At the second step, the ALJ found that Plaintiff's medically determinable impairments, depression and vertebrogenic disorder, were severe within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 404.1521, 416.920(c), 416.921. [Tr. 17.] At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 20.] At the fourth step, the ALJ relied on the testimony of the VE and took into consideration Plaintiff's age, educational background, past relevant work experience, and residual functional capacity (hereinafter "RFC") to perform work-related activities despite any physical and mental limitations. Based upon these considerations, the ALJ found that Plaintiff was not able to perform his past relevant work, but that there were jobs in significant numbers in the area that Plaintiff could perform. See 20 C.F.R. §§

404.1560(b)(1), 416.960(b)(1). [Tr. 19-21.] On this basis, the ALJ denied Hylton's claim for DIB. [Tr. 22.]

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on August 9, 2006. [Tr. 5.] Plaintiff thereafter filed this action and the parties' motions for summary judgment [Record Nos. 9 & 10] are now ripe for review.

### III. ANALYSIS

A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion" and is based on the record as a whole, taking into account what evidence fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999).

The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d

535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987)).

### B. ALJ's Compliance with 20 C.F.R. § 404.1527(d)

Plaintiff's sole argument on appeal is that the ALJ erred by not applying the standards set forth in 20 C.F.R. § 404.1527(d) when he rejected a treating physician's opinions that the Plaintiff was totally disabled and could lift no more than ten pounds. [Record No. 9, at 3.] The ALJ stated that he "rejected the statements by Dr. Gibson that the claimant was totally disabled or could lift no more than 10 pounds (Exhibits 20F and 35F), as inconsistent with his notes and clinical findings, the other evidence in the file, and even the claimant's testimony." [Tr. 19.]

Section 404.1527(d)(2) states that a treating physician's opinions are to be given controlling weight unless they are inconsistent with the record or unsupported by objective medical evidence. The section also addresses how medical opinions are to be weighed if they are not given controlling weight, listing six factors to be used in deciding how much weight to give a particular medical opinion compared to other opinions made available: (1) examining relationship (generally more weight given to opinions of doctors who have seen the claimant); (2) treatment relationship; (3) supportability (a consideration of the amount of relevant evidence offered in support of the opinion); (4) consistency; (5) specialization (specialists' opinions are accorded more weight concerning their areas of expertise); and (6) an "other factors" category. In addition, Section 404.1527(e)(1) states

5

that:

> We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

Plaintiff further cites to Social Security Ruling 96-2p[3] in support of his argument that the ALJ was required to discuss all of the factors set forth in 20 C.F.R. § 404.1527. That ruling was an effort to further clarify the impact of each of the six factors listed. SSR 96-2p states in part:

> It is not unusual for a single treating source to provide medical opinions about several issues; for example, at least one diagnosis, a prognosis, and an opinion about what the individual can still do. Although it is not necessary in every case to evaluate each treating source medical opinion separately, adjudicators must always be aware that one or more of the opinions may be controlling while others may not. Adjudicators must use judgment based on the facts of each case in determining whether, and the extent to which, it is necessary to address separately each medical opinion from a single source.

The Commissioner is correct in pointing out that the ultimate decision of whether a claimant is disabled lies with the ALJ, not a treating physician. Warner v. Comm'r of Soc. Sec., 357 F.3d 387, 390-91 (6th Cir. 2004). In the instant case, it is clear that the ALJ did not reject all of Dr. Gibson's opinions or findings, he rejected Dr. Gibson's proffered opinions that the Plaintiff was totally disabled and could lift no more than ten pounds. The ALJ did, however, consider the factors listed in § 404.1527 and considered Dr. Gibson's opinion as compared to the other expert medical opinions contained in the record. This was entirely proper and within the bounds of the ALJ's authority and responsibility to determine disability and a claimant's RFC.

As noted above, the issues of whether a claimant is disabled, and the severity of impairments,

---

[3] The quotation offered by the Plaintiff, which was cited to SSR 96-2p, does not appear in that ruling.

6

are left to the adjudicator, not the medical experts whose opinions are presented in the record. As stated in 20 C.F.R. § 404.1527(e):

> Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.

In evaluating Dr. Gibson's opinions, the ALJ referred to several of the factors contained in 20 C.F.R. § 404.1527. Specifically, the ALJ noted that: (1) Dr. Gibson's opinions on the ultimate question of disability and exertion limits were not supported by his findings; (2) his opinions were at odds with those of the other medical experts in the record, including another treating physician; (3) that the opinions were inconsistent with Dr. Gibson's own notes and clinical findings; and (4) that his opinions were inconsistent with the testimony offered by the Plaintiff. [See also Tr. 349-54, 357-68, 370-72, 389-90.]

The ALJ ultimately agreed with Dr. Gibson that Plaintiff's back injury was severe. [Tr. 17.] In addition, the ALJ declined to fully adopt the recommendations of state agency experts, whose opinions were that Plaintiff was able to perform medium level work. [Tr. 19.] The ALJ found that the Plaintiff could perform light level work, a ruling that was similar to the opinion of Plaintiff's other treating physician, Dr. Akers:[4]

> The State Agency medical consultants opined that the claimant would be able to perform medium level work (Exhibits 14F and 17F), but I found this overly optimistic given his back and neck injury. Dr. Akers on February 19, 2004, opined that the claimant could lift 21-50 pounds, but only stand 3-4 hours in an 8 hour day and sit 3-4 hours in an 8 hour day and need to change position (Exhibit 9F). The sit/stand opinion would reduce the claimant to light level work. Accordingly, the

---

[4] Dr. Akers meets the definition of a treating physician pursuant to 20 C.F.R. § 404.1502. See also Kornecky v. Comm'r of Soc. Sec., 167 Fed. Appx. 496 (6th Cir. 2006).

7

  undersigned finds that claimant retains the residual functional capacity to perform light level work.

[Id.]

  The record supports the ALJ's conclusion that Dr. Gibson's opinions on disability and Plaintiff's lifting ability were inconsistent with the other medical opinions offered, including the treating physician who saw Plaintiff for at least the first year after his back injury. The ALJ also noted the lack of objective medical evidence offered by Dr. Gibson in support of his opinions in deciding to not give his opinion controlling weight. Thereafter, the ALJ gave several reasons throughout his entire written decision for affording more weight to Dr. Akers' opinions than Dr. Gibson's, using the factors set forth in § 404.1527.

  In weighing medical opinions, ALJ's are required to provide "appropriate explanations" for their decisions, in keeping with SSR 96-5p. Newton v. Comm'r of Soc. Sec., 209 F.3d 448, 456 (6th Cir. 2000). Only if the ALJ is deciding to afford a treating physician's opinion no weight at all is that ALJ required to discuss each of the six categories. Id. Since the ALJ accepted part of Dr. Gibson's opinion, namely that Plaintiff had a severe back injury, he did not reject that opinion entirely. Regardless, the ALJ still utilized the six factors in weighing all of the opinions included in the record. [Tr. 17, 19.] Specifically, the ALJ stated: "The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations (20 C.F.R. § 404.1527 and Social Security Rulings 96-2p and 96-6p)." [Tr. 19.]

  C. Substantial Evidence

  The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. Abbott, 905 F.2d at 922; see also Jones, 945 F.2d at

8

1368-69. In this case, the ALJ addressed all of the medical records, opinions and objective medical findings available in reaching his conclusion that the Plaintiff was not disabled within the guidelines set forth.

The record included: several MRI scans that revealed no major abnormalities or defects [Tr. 224, 226-27, 231]; the findings of Dr. Scott Akers, who treated Plaintiff immediately after his initial injury and released him to return to work [Tr. 207-09, 212, 216, 221-22, 224]; Dr. Akers' notations that Plaintiff was working and capable of riding an ATV [Id.]; the findings of Dr. Phillip Tibbs concerning Plaintiff's back impairment [Tr. 201-06, 372]; and evaluations by Drs. Stamper and Rapier [Tr. 329-30, 348]. All of these records are consistent with one another and support the ALJ's decision.

Therefore, substantial evidence exists in the record to support the ALJ's decision finding Plaintiff not disabled thus not entitled to DIB benefits. See O'Banner v. Sec'y of Health, Educ., & Welfare, 587 F.2d 321, 323 (6th Cir. 1978); Valey v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987). The fact that some of the evidence in the record may support a contrary conclusion, if any exists, is insufficient grounds for reversal. See Casey, 987 F.2d at 1233; Her, 203 F.3d at 389-90.

## IV. CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: Defendant Commissioner's motion for summary judgment [Record No. 10] be granted; Plaintiff's motion for summary judgment [Record No. 9] be denied; Judgment be entered affirming the Commissioner's final decision and dismissing this action with prejudice; and, that this action be stricken from the Court's docket.

Specific objections to this Report and Recommendation must be filed within ten days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004); <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed May 7, 2007.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge