UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| WILLIAM HYLTON | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 06-190-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

The Plaintiff, William Hylton ("Hylton"), brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant, the Commissioner of Social Security ("Commissioner"), which denied his application for disability insurance benefits. [R. 2]. Consistent with the Court's practice and pursuant to 28 U.S.C. § 626(b)(1), this matter was referred to United States Magistrate Judge Edward B. Atkins for the issuance of a Report and Recommendation ("R & R") containing the proposed findings and recommendations. [R. 11.]

On May 7, 2007, Magistrate Judge Atkins filed his Report and Recommendations ("R&R"). [R. 12]. It concluded that the decision of the administrative law judge ("ALJ") was supported by substantial evidence despite the ALJ's decision no to give the opinions of the treating physician, Dr. Gibson, controlling weight. [*Id*. at 5]. Specifically, the R&R concludes that ultimate decision regarding disability lies with the ALJ rather than the treating physician, and concluded that ALJ properly considered, and then rejected, Dr. Gibson's opinions after consideration of all the factors set forth in 20 C.F.R. §404.1527. [*Id*.]. The Magistrate Judge noted that the ALJ both considered Dr. Gibson's, adopted a portion of it, and then chose not to

afford the remainder controlling weight. [*Id*. at 8]. Instead, the ALJ gave controlling weight to the opinions of Dr. Akers which it found to be more consistent with the other medical evidence in the record. [*Id*.]. In addition, the ALJ considered the six factors outlined in 20 C.F.R. §404.1527, and required by Social Security Rulings 96-2p and 96-6p even though he was not required to do so given the fact that he gave some weight to the treating physician's opinion. [*Id*.].

On May 8, 2007, Hylton filed his Objections to the R & R. [R. 13]. Hylton objects to the above-noted conclusion of the R&R on several grounds: (1) that reversal is required where the ALJ failed to give good reasons for giving no weight to a treating physician's opinions in violation of *Wilson Wilson v. Comm'r of Soc. Sec'y*, 378 F.3d 541 (6th Cir. 2004); and (2) that the ALJ was required to consider the six factors set forth in 20 C.F.R. §404.1527. [*Id*.]. Rather than articulate any specific objection to the R&R, the Plaintiff's Objections merely state the same argument rejected by the Magistrate Judge in the R&R. The Commissioner filed a response to the Objections. [R. 14].

This Court must make a *de novo* determination of those portions of the R&R to which objections are made. 28 U.S.C. § 636(b)(1)(c). First, the Regulations provide a framework for the evaluation of opinion evidence. With regard to treating source opinion evidence, the applicable Regulation provides:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(I) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give

> the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

20 C.F.R. § 404.1527(d)(2). Thus, although the opinion of a treating source is not necessarily binding, an ALJ is required to set forth some basis for the decision to reject a treating source opinion. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *see also Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 725 (6th Cir. 2004) (noting that in cases where the treating physician rule applies, a reviewing court must evaluate whether the ALJ gave good reasons for his decision not to give controlling weight to a treating source opinion, as required by the governing Regulation).

As mandated by 20 C.F.R. § 404.1527(b), the ALJ considered Dr. Gibson's opinion and explained why he gave it little weight. The ALJ discussed his assessment as follows:

> The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations (20 C.F.R. § 404.1527 and Social Security Rulings 96-2p and 96-6p). I rejected the statements by Dr. Gibson that the claimant was totally disabled or could lift no more than 10 pounds (Exhibits 20F and 35F), as inconsistent with his notes and clinical findings, the other evidence in the file, and even the claimant's testimony.

[Tr. 19]. What followed was a detailed discussion of the factors and the bases for not affording controlling weight to Dr. Gibson's opinion. [Tr. 19-21]. The ALJ did, however, conclude that Dr. Gibson correctly diagnosed a severe back injury in Hylton. [Tr. 21]. Despite this detailed analysis from the ALJ, Hylton, citing *Wilson v. Comm'r of Soc. Sec'y*, 378 F.3d 541 (6th Cir. 2004), contends that the ALJ erred because he failed to articulate the specific factors he considered when dismissing the treating physician's opinion. *Wilson*, however, only requires reversal when a treating physician's opinion was ignored and no reasons for doing so were

3

provided. *Id.* at 546; *see also Bass v. McMahon*, 499 F.3d 506, 512 (6th Cir. 2007). That is simply not the case here. The ALJ considered the opinion and decided not to give it controlling weight. The use of the word "rejected" is semantical only and does not reflect the actual analysis conducted by the ALJ. Further, the ALJ specifically stated he was to consider the factors set forth in 20 C.F.R. §404.1527 even though he was not required to do so. Finally, because the ALJ clearly articulated his reasons for "rejecting" the opinions of Dr. Gibson in light of the overall evidence in the record, the procedural safeguards required by the regulations have been met here. *See e.g., Nelson v. Comm'r of Social Sec.*, 195 Fed.Appx. 462, 470, 2006 WL 2472910, *1, *8 (6th Cir. 2006) (noting that ALJ complied with procedural safeguards of Section 404.1527 because it provided sufficient reasons for rejecting the opinions of the treating physicians); *Smith v. Comm'r of Social Sec*. 482 F.3d 873, 877 (6th Cir. 2007)(affirming ALJ decision not to give treating physician's opinion controlling weight where the opinions were ""inconsistent with the overall evidence of record'" as this was "a factual determination within his discretion under § 404.1527(d)(2)").

In addition, the ALJ properly disregarded Dr. Gibson's opinion that Hylton is totally disabled. Section 404.1527(e)(1) explicitly states that the conclusion of disability is reserved to the Secretary, a fact correctly noted by the ALJ. *See* 20 C.F.R. § 404.1527(e)(1). Subsection (e)(3) further elaborates that no "special significance" will be given to opinions of disability, even if they come from a treating physician. 20 C.F.R. § 404.1527(e)(3).

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      The Plaintiff's Objections to the Magistrate's Report and Recommendation [R. 13] are **OVERRULED**;

4

      2.      The Magistrate Judge's Report and Recommendation [R. 12] is **ADOPTED** as and for the opinion of this Court;

      3.      The Plaintiff's Motion for Summary Judgment [R. 9] is **DENIED**;

      4.      The Defendant's Motion for Summary Judgment [R. 10] is **GRANTED**; and

      5.      **JUDGMENT** in favor of the Defendant will be entered contemporaneous herewith.

This the 21st day of March, 2008.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge